Christopher J. King
WSB 7-4532
PO Box 552
Worland, WY 82401
(307) 347-9801
chris@wyoattorney.com

FILED

*11:40 am, 3/17/23*

**Margaret Botkins**
**Clerk of Court**

## IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
## WASHAKIE COUNTY, STATE OF WYOMING

| | |
|---|---|
| JM MASCARO LIVESTOCK, LLC, A Utah Corporation and JUSTIN MASCARO, Member, <br><br> Plaintiff, <br><br> -v- <br><br> MACY J. BRYAN, F/k/a MACY J. MASCARO, <br><br> Defendant. | Civil No. CV-2023-0014 <br><br> FILED <br> IN DISTRICT COURT <br> FEB 13 2023 <br> Washakie County Wyoming <br> Christy Schneider, Clerk <br> By _____ |

### COMPLAINT
### And
### 12 PERSON JURY DEMAND

COMES NOW, the Plaintiff herein, JM Mascaro Livestock, LLC, by and through its attorney, Christopher J. King and for its *Complaint* against Macy J. Bryan states as follows:

1. JM Mascaro Livestock, LLC is a Utah Corporation which does business in the State of Wyoming and across the United States. The principal office for the business is and at all times relevant herein was located in Worland, Washakie County, Wyoming.

2. The Defendant, Macy J. Bryan was a former employee and member of JM Mascaro Livestock, LLC. Upon information and belief Ms. Bryan is now a resident of the State of Utah.

3. That all matters set forth herein occurred during the employment of the Defendant by JM Mascaro Livestock, LLC or her time as a member of the corporation and primarily occurred in the State of Wyoming unless she was working remotely at the time of the complained of actions.

4. That the Defendant was primarily responsible for the day-to-day management of the company which included the billing of clients, the collection of accounts receivable and the balancing of the books. She was also responsible for payroll and employees in the office.

5. That at all times set forth herein the Defendant represented that she was working for JM Mascaro Livestock, LLC full-time and was being paid as a full-time employee along with being provided benefits through the company.

6. That as a member of the company the Defendant owed a fiduciary duty to the company to act in the best interests of the Plaintiff at all times. She failed to do so as shall be outlined below.

7. Justin Mascaro is a member of JM Mascaro Livestock, LLC as a member he is entitled to bring this action pursuant to W.S. 17-29-904.

> [¶ 28] There is little precedent in Wyoming involving derivative suits; however this Court has described the nature of a shareholder's derivative action as follows:
>
> Whenever a cause of action exists primarily in behalf of the corporation against directors, officers, and others, for wrongfully dealing with corporate property, or wrongful exercise of corporate franchises, so that the remedy should be legally obtained through a suit by and in the name of the corporation, and the corporation either actually or virtually refuses to institute or prosecute such a suit, then, in order to prevent a failure of justice, an action may be brought and maintained by a stockholder or stockholders, either individually or suing on behalf of themselves and all others similarly situated, against the wrongdoing directors, officers, and other persons. * * * The stockholder does not bring such a suit because [h]is rights have been [d]irectly violated or because the cause of action is

> [h]is or because [h]e is entitled to the relief sought; he is permitted to sue in this manner simply in order to set in motion the judicial machinery of the court. The stockholder, either individually or as the representative of the class, may commence the suit, and may prosecute it to judgment; but in every other respect the action is the ordinary one brought by the corporation, it is maintained directly for the benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder-plaintiff.

*Centrella v. Morris*, 597 P.2d 958, 962 (Wyo.1979) (internal quotation marks and citations omitted) (quoting *Smith v. Stone*, 21 Wyo. 62, 128 P. 612, 620–621 (Wyo.1912) ). "Derivative actions are those 'by one or more stockholders to enforce a corporate cause of action.'" *GOB, LLC v. Rainbow Canyon, Inc.*, 2008 WY 157, ¶ 13, 197 P.3d 1269, 1272 (Wyo.2008) (quoting 7C Charles A. Wright, et al. Federal Practice and Procedure: Civil § 1821, at 6 (3d ed.2007)). "As a general rule, recovery in such actions inures to the corporation rather than to the stockholders as individuals." *Lynch v. Patterson*, 701 P.2d 1126, 1130 (Wyo.1985) (citing Shareholders' Right to Direct Recovery in Derivative Suits, 17 Wyo. L.J. (1963)).

*Wallop Canyon Ranch, LLC v. Goodwyn*, 2015 WY 81, 351 P.3d 943 (Wyo. 2015).

[¶ 29] Within the limited partnership context, in distinguishing between "derivative claims" and "direct claims," the reviewing court must look to whether a plaintiff has alleged a special injury:

> A claim is derivative in nature where the plaintiff was not injured "directly or independently" of the partnership. Furthermore, in determining whether or not a claim is direct or derivative, the court must look ultimately to whether the plaintiff has alleged a special injury. Where a suit by a limited partner against a general partner clearly alleges wrongs to the partnership which have indirectly damaged the limited partner, the action asserts a derivative claim on behalf of the partnership, not one personal to the plaintiff.

> In ascertaining whether a cause of action arising in a limited partnership context is derivative, it is appropriate to look to corporate law for guidance. Under the latter law, the nature of the wrong alleged is what controls.

59A Am.Jur.2d Partnership § 906, at 821 (2003).

*Wallop Canyon Ranch, LLC v. Goodwyn*, 2015 WY 81, 351 P.3d 943 (Wyo. 2015)

### COUNT I - Breach of Fiduciary Duty

8. The allegations set forth in paragraphs one (1) through six (6) above are incorporated herein by this reference.

9. As a managing member of the JM Mascaro Livestock, LLC the Defendant owed a fiduciary duty to the Plaintiff to act in the best interests of the LLC at all times. She has breached this duty. The breaches include but are not limited to the following:

 a. Improper gifting to others;
 b. Improper accounting;
 c. Failure to properly manage the LLC in violation of W.S. 17-29-407;
 d. Improper distributions to self in violation of W.S. 17-29-406;
 e. Improper payments to family members of the Defendant;
 f. Interference with employees of the Plaintiff;
 g. Interference with business relationships of the Plaintiff;
 h. Breach of the fiduciary duties of loyalty and care in violation of W.S. 17-29-409;
 i. Breach of the right to information in violation of W.S. 17-29-410.

10. That these actions were all willful and done with knowledge of the wrongness of her actions. The Plaintiff corporation has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

### Count II - Breach of Contract

11. The allegations set forth in paragraphs one (1) through ten (10) are incorporated herein by this reference.

12. That as part of being an employee for JM Mascaro Livestock, LLC the Defendant was tasked with managing the company. She was also tasked with day-to-day operations. That this was a contractual relationship that was eventually terminated as the Defendant failed to perform the duties she was assigned.

13. That a contractual relationship was formed between the Plaintiff, JM Mascaro Livestock, LLC and the Defendant for her to perform her duties in exchange for her receiving her pay.

14. That the Defendant did receive her pay until she was terminated.

15. That the Defendant failed to perform her duties and in so doing failed to comply with the terms of the contractual relationship.

16. That the Defendant's failure to perform her duties was willful.

17. That the Defendant's failure to perform her duties has damages the Plaintiff LLC in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

### Count III - Breach of Covenant of Good Faith and Fair Dealing

18. The allegations set forth in paragraphs one (1) through seventeen (17) are incorporated herein by this reference.

19. That pursuant to W.S. 17-29-409 the Defendant owed to the Plaintiff LLC a fiduciary duty of loyalty and care. Implied in this contractual relationship between the Plaintiff LLC and the Defendant are also the Duty of Good Faith and Fair Dealing.

20. That in the State of Wyoming it has been recognized that every contractual relationship imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. *Ultra Resources, Inc. v. Hartman*, 2010 WY 36 ¶84, 226 P.3d 889, 919 (Wyo. 2010)(quoting Restatement (Second) of Contracts § 205 (1981)).

21. That the Wyoming Supreme Court has stated that:

> [R]equires that a party's actions be consistent with the agreed common purpose and justified expectations of the other party.... The purpose, intentions and expectations of the parties should be determined by considering the contract language and the course of dealings between and conduct of the parties. The covenant of good faith and fair dealing may not, however, be construed to establish new, independent rights or duties not agreed upon by the parties. In other words, the concept of good faith and fair dealing is not a limitless one. The implied obligation must arise from the language used or it must be indispensable to effectuate the intention of the parties. In the absence of evidence of self-dealing or breach of community standards of decency, fairness and reasonableness, the exercise of contractual rights alone will not be considered a breach of the covenant.
>
> *Whitlock Constr., Inc. v. South Big Horn County Water Supply Joint Powers Bd.*, 2002 WY 36, ¶ 24, 41 P.3d 1261, 1267 (Wyo.2002)...

22.  That the Defendant has violated the Covenant of Good Faith and Fair Dealing. She has taken the following actions which all are in violation of the Covenant of Good Faith and Fair Dealing:

   A.  Working for another company when she was supposed to be working solely for the Plaintiff LLC.

   B.  Working during normal business hours when she was paid by the Plaintiff LLC and while she was working for a different company.

   C.  Mismanagement of LLC funds and assets.

   D.  Improper payments to the Defendant's family members.

   E.  Improper benefits and raises paid to the Defendant's family members.

   F.  Having other people work under her log in information in the guise of her performing the work.

   G.  Failure to release LLC information when requested.

   H.  Failure to properly pay vendors and bills.

   I.  Disparagement of the Corporation.

23. That these actions were all intentional and done with malice towards the LLC and towards Justin Mascaro in an effort to damage the business.

24. That the Plaintiff LLC has been damaged in an amount sufficient to be proven at trial and to confer jurisdiction upon this Court.

### Count IV - Accounting of Gifts/Distributions

25. That the previous twenty-four (24) paragraphs are incorporated herein by this reference.

26. That while the Defendant was in charge of the day-to-day operations of the business the Defendant distributed monies to herself and upon information and belief to other members of her family.

27. That these distributions or gifts were not authorized by the LLC nor were they properly accounted.

28. That these distributions have created a variety of issues and problems for the LLC. These include but are not limited to - requirements to pay accountants and other individuals to fix the work the Defendant failed or purposely did not perform. It has created issues related to the accounting of the LLC and payment of taxes. It has also allowed individuals such as the Defendant's son-in-law to be paid for loads to which damage to LLC property were supposed to be deducted and which was not done properly. This in turn has required the LLC to enforce its contractual rights by filing suit against a previous employee (the Defendant's son-in-law) and incur the costs and expenses for so doing.

29. That these actions were all willful and done with malice by the Defendant. The Plaintiff LLC has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

## Count V - Interference with Business Contracts

30. The allegations set forth in paragraphs one (1) through twenty-nine (29) are incorporated herein by this reference.

31. The Defendant has engaged in specific actions to interfere with the business contracts of the Plaintiff. This has included but is not limited to the following:

    A. Disparagement of the LLC to vendors and clients of the LLC.

    B. Disparagement of the LLC to employees of the LLC.

    C. Upon information and belief the funneling of business contracts from the LLC to competitors.

    D. The sharing of confidential information of the LLC with competitors.

    E. Helping the Defendant's son-in-law (a previous employee) to engage in business that is violating his non-compete agreement.

32. That these actions were all willful and done with malice. The Plaintiff LLC has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

## Count VI - Disparagement and Slander of Plaintiff LLC

33. The allegations set forth in paragraphs one (1) through thirty-two (32) are incorporated herein by this reference.

34. The Defendant has set forth in concerted and willful action to disparage and slander the Plaintiff LLC. This includes but is not limited to:

    A. Telling employees of the LLC that the business was going to run out of money and they would be unemployed.

B. Telling vendors and clients that the business was not going to be solvent and that without her present it would end.

C. Telling Vendors and Clients that they should be looking elsewhere for fulfillment of contracts.

35. That these statements have all been false.

36. That the Defendant took these actions specifically in an effort to undermine and harm the Plaintiff LLC.

37. That the actions of the Defendant has caused the loss of employees and the loss of business contracts.

38. That these actions were all willful and done with malice. The Plaintiff LLC has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

## Count VII - Violation of Non-Compete

39. That the allegations set forth in paragraphs one (1) through thirty-eight (38) are incorporated herein by this reference.

40. That the Defendant pursuant to the Wyoming Limited Liability Act and pursuant to the contractual relationship with the Plaintiff LLC was not to be engaging in business that would compete with the Plaintiff LLC.

41. That upon information and belief the Defendant has specifically engaged in business competing with the LLC and providing information to allow others to compete with the LLC.

42. That these actions are willful and done with malice. The Plaintiff LLC has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

## Count VIII - Derivative Action

43. The allegations set forth in paragraphs one (1) through forty-two (42) are incorporated herein by this reference.

44. Justin Mascaro as a member of JM Mascaro Livestock, LLC was a member at all times set forth herein.

45. That Justin Mascaro and Macy Bryan were previously married and during the past year have litigated a divorce wherein Justin Mascaro was awarded all interests in JM Mascaro Livestock, LLC.

46. Prior to the divorce being finalized and even after the divorce was finalized but prior to the Defendant transferring any interest in JM Mascaro Livestock, LLC there were a variety of demands made on the Defendant. These included a proper accounting of assets, payments and payroll. The Defendant denied to give this information. This included the request for passwords and other necessary information for the running of the business. The Defendant declined to give this information. This also included a request for information related to employees and payments, in particular payments made by the Defendant to her family and to herself. This information was not given by the Defendant. As such, a demand under W.S. 17-29-904 at anytime prior would have been futile as the Defendant failed to provide even the simplest of information.

47. It was not until there was a full opportunity after the Defendant was removed from the company for the member Justin Mascaro and the Plaintiff JM Mascaro Livestock, LLC to conduct an audit of the books and an accounting of what had occurred over the previous year that it was learned that the Defendant had mismanaged funds of over one-million dollars ($1,000,000.00) and that she had improperly distributed funds to herself

and her family members along with causing severe damage to business relationships resulting in the loss of several very valuable contracts.

48. That upon learning of the improper distributions including distributions that were paid out to Justin Mascaro - Justin Mascaro entered into a binding contract with JM Mascaro Livestock, LLC to repay the portion of improper distributions to the corporation. This amount was in excess of $300,000.00. There is at least $300,000.00 of improper distributions made to the Defendant.

49. That attorneys' fees and costs are specifically authorized to be recovered in this matter pursuant to W.S. 17-29-902.

50. That the Defendant specifically acted with fraudulent intent and made numerous efforts to deceive the corporation and the other member in this matter as to her actions. The Plaintiff has been damaged in an amount sufficient to confer jurisdiction upon this Court and be proven at trial.

### COUNT IX - Slander and Libel Against Member of LLC

51. The allegations set forth in paragraphs one (1) through fifty (50) are incorporated herein by this reference.

52. The Defendant has engaged in slandering and committing libel against Justin Mascaro.

53. As the sole member of the LLC at this time the actions of the Defendant prior to her termination from the LLC have caused financial distress related to her slander and libel against a member of the LLC.

54. That the statements that have been made about Justin Mascaro include that he is a criminal. That he has committed acts of domestic violence against the Defendant. That he is not able to run the LLC. That he is financially insolvent. That there are additional statements that shall be proven at trial and that which are all patently false.

55. That the Defendant took these actions specifically to harm the Plaintiff LLC.

56. That the Defendant took these actions willfully and with malice and that the Plaintiff LLC has been damaged in an amount sufficient to confer jurisdiction on this Court and to be proven at trial.

WHEREFORE it is hereby requested as follows:

1. For judgment against the Defendant on Counts I - IX as set forth above.
2. For general and specific damages as proven at trial.
3. For Punitive Damages against the Defendant.
4. For all costs and attorney's fees.
5. For such other and further relief as the Court deems meet and proper in the premises.

## JURY DEMAND

The Defendant hereby demands a 12-person jury in the above-captioned matter. The fee for the 12-Person Jury is filed contemporaneously with this pleading.

Dated this 23rd day of January, 2023.

APEX Legal, P.C.

_____
Christopher J. King
WSB 7-4532